In the matter of a paper-writing purporting to be the will of AUSTIN C. BARTLES, deceased.

[Argued October 31st, 1940. Decided April 3d, 1941.]

*Mr. Edgar W. Hunt (Mr. Harry J. Able* and *Mr. George K. Large,* on the brief), for the appellants.

*Mr. W. Reading Gebhardt (Mr. Ryman Herr* and *Mr. E. Herbert Kiefer,* on the brief), for the respondents.

The opinion of the court was delivered by

PARKER, J.

It should be needless to say that this case has had the serious, earnest and mature consideration of the court. Our conclusion is that the former decision should not be disturbed. At the same time, and in recognition of the laborious task performed by counsel, some detailed notice of the points made, and comment thereon, is in order.

Counsel for caveators, while adhering to their original position that probate should have been denied to the entire will, further argue that if the court refuses to take that course, still it is open to the court to say, and the court should say, that probate should be denied to certain parts of the will, leaving the rest to stand.

The rule that seems to prevail in many jurisdictions in this country, as also in England, is well stated in *68 C. J. 754 § 448,* and a number of cases are there cited. The point is further treated in *section 626,* at *pp. 897, 898.* In this state it seems to have been considered in only two reported cases, the *Vanderveer Case, 20 N. J. Eq. 463; reversed, 21 N. J. Eq. 561,* and the *Cooper Will Case, 75 N. J. Eq. 177;* affirmed in *76 N. J. Eq. 614.* In the *Vanderveer Case,* Chancellor Zabriskie, sitting as Ordinary (at *pp. 469-470*), recognized the rule as existent in New England and New York but said that under the evidence in the case he was not prepared "to introduce" it for the first time in New Jersey. He ordered the entire will admitted to probate; but on appeal there was a reversal, and two opinions were filed, the main opinion holding that the whole will was invalid because it was not shown that testator was aware of its contents, and without

consideration of the rule discussed by the Ordinary; and Mr. Justice Bedle, in an independent opinion, seems to have concurred in the majority view, but (at *p. 575*) alludes to the "partial intestacy" theory and holds that the will was "evidently drawn as an entirety" and could not be subdivided. In the *Cooper Will Case, supra,* the judge of the Orphans Court, at *page 188* of *75 N. J. Eq.,* seems to have recognized the rule and to have expressed willingness to apply it in a proper case; but in the Prerogative Court it was pointed out (*p. 197*) that the appeal was on questions of fact, and that the findings of the Orphans Court were fully supported by the evidence and in that view this court concurred. *Harrison* v. *Axtell, 76 N. J. Eq. 614.*

On the theory that the rule of "partial intestacy" obtains in this state, counsel for appellants undertake to specify the parts of the will that should be exscinded. They are, "1. The provisions that relate to Mr. Herr," which are (a) legacy to him of $5,000, item 10 of clause 4, (b) the appointment of Herr as executor and trustee, (c) the residuary clause 5, looking toward the "erection or equipping or either of a hospital," and (d) a legacy of $5,000 to Dr. Gibbs. With clause 5 Mr. Herr has no concern, unless the hospital plan should break down, in which case, by paragraph (d) of clause 5 the residue *is to be divided among certain legatees including* Mr. Herr.

The residuary clause was the subject of particular discussion at the former argument and in our original opinion. We have given further consideration to the matter and our view remains unchanged. It is now suggested that so much time has elapsed that the hospital scheme cannot be carried out. Be this as it may, the question before the court is not what is to be done after nearly three years of litigation based on caveats filed by the present appellants, but whether the paper propounded for probate was in fact and law the last will and testament of Mr. Bartles. As to the hospital scheme, we see no reason to change the views previously expressed.

Next, as to provisions relating to Mr. Herr, they are: a legacy of $5,000; the executorship; and a contingent interest *pro rata* with other legatees in case the hospital scheme should

fail. As to the $5,000 legacy to the draftsman of the will, it was not illegal, like a legacy to a witness (*N. J. S. A. 3:2-8*) and while ethically open to suspicion and criticism, is also open to explanation, and has been supported in our cases, the burden of proof being on the beneficiary. The *Cooper Case, supra,* is a striking illustration of the rule: and in that case the will was sustained. Each case must, to a certain extent, rest on its own facts; and cases where the draftsman and adviser was also a beneficiary are not uncommon. *Den ex dem Trumbull* v. *Gibbons, 22 N. J. Law 117* (at *p. 137*); *Bennett* v. *Bennett, 50 N. J. Eq. 439; Rusling* v. *Rusling, 36 N. J. Eq. 603; In re Bishop, 96 N. J. Eq. 595; affirmed, 97 N. J. Eq. 309; In re Bottier, 106 N. J. Eq. 226.* All these are cited in the original brief of appellants. The Hunterdon Orphans Court considered that Mr. Herr had sustained the burden of proof, and the Prerogative Court found likewise and this court affirmed that finding. We see now no good reason to hold otherwise. And if the original legacy be sustained, and the residuary clause be also valid, the participation in case of the hospital scheme failing seems to follow as a matter of course. So that whether the attack be on the will as a whole, or on parts of it assuming the existence of the partial intestacy rule, our conclusion for the second time is that the decree of the Prerogative Court should be affirmed.

One or two minor inaccuracies in the former opinion may properly be corrected at this time. On *page 474* of *127 N. J. Eq.,* line 3 from bottom, the clause "except some of them" should read "except such of them." On *page 473* Mr. Herr is described as "a member of the bar residing and doing business in Flemington, and a neighbor of the deceased." The passage should read: "a member of the bar doing business in Flemington, who in his boyhood had lived for a short time on the same street as Mr. Bartles and almost opposite his house, and who, according to his testimony, had become quite well acquainted with his brother as a fellow commuter in the 1920's."

As to the failure to call Dr. Thomas, discussed on *page 479,* a further examination in the light of the reargument

leads to the conclusion that no adverse criticism should be predicated thereon.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, DEAR, WOLFSKEIL, JJ. 7.

*For reversal*—PERSKIE, PORTER, RAFFERTY, HAGUE, JJ. 4.

*For modification*—HEHER, WELLS, JJ. 2.