J-S57040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANTHONY DUPRE CHAPMAN, | : | |
| | : | |
| Appellant | : | No. 671 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 26, 2019
in the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0004334-2018

BEFORE: BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:　　　　　　**FILED DECEMBER 24, 2019**

Anthony Dupre Chapman ("Chapman") appeals from the judgment of sentence imposed following his convictions of two counts of persons not to possess firearms.[1] We affirm.

In its Opinion, the trial court set forth the relevant factual background as follows:

> On September 12, 2018, a gold [l]owrider Cadillac ("Cadillac")[,] operated by Chapman[,] was in the area of the 100 block of Mulberry Street, Reading, Berks County, Pennsylvania. Officer Ryan Crampsie ("Officer Crampsie") of the Reading Police Department heard shots fired and responded to that area. Officer Crampsie learned from witnesses that the [gunshots] had come from the Cadillac. Two minutes later, law enforcement came into contact with the Cadillac two blocks away from where the shots had been fired. Officer Russell Foltz ("Officer Foltz") of the Reading Police Department approached the Cadillac[, in which Chapman was seated,] and observed several spent shell casings between the driver's door and the seat. Officer Foltz observed a

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

firearm underneath the Cadillac's driver's seat when … Chapman[] was removed from the vehicle. Officer Foltz heard Chapman state that "these punk-ass gangsters don't respect anyone."

A search warrant was obtained and executed on the Cadillac[,] where officers discovered Chapman's Access card, RACC identification card, and Visa card. Numerous spent and unspent shell casings were located in the Cadillac's center console. A second firearm was located in the rear passenger pocket of the Cadillac[,] which was easily accessible by Chapman.

After a bench trial, [the trial] court found Chapman guilty of both [of the above-mentioned counts]. On March 26, 2019, [the trial] court imposed a cumulative sentence … of 10 to 20 years in [prison]. Chapman was given credit for the 195 days [that] he had previously served. On April 3, 2019, Chapman filed a Post-Trial Motion[, requesting a modification of his sentence,] which [the trial] court denied….

On April 25, 2019, Chapman filed a Notice of Appeal to the Superior Court of Pennsylvania from the [judgment of sentence]. On April 30, 2019, Chapman was ordered to file a concise statement of matters complained of on appeal within 21 days from the order's entry on the docket. On May 13, 2019, Chapman filed a [timely Pa.R.A.P. 1925(b)] Concise Statement….

Trial Court Opinion, 6/28/19, at 2 (citations and footnote omitted; paragraphs reordered).

On appeal, Chapman raises the following questions for our review:

1. Whether the [t]rial [c]ourt erred when it admitted a certified copy of [a prior] conviction and a New Jersey fingerprint card[,] which were not sealed as required under P[ennsylvania] Rule of Evidence 902(1) and 902(2)[?]

2. Whether the [t]rial [c]ourt erred and abused its discretion when it sentenced [Chapman] to an aggregate term of incarceration of ten (10) to twenty (20) years, which is manifestly excessive under the circumstances of the case, considering the fact that the two counts of [p]ersons [n]ot to [p]ossess arose from the same criminal episode and do not warrant consecutive sentences[?]

Brief for Appellant at 7.

- 2 -

In his first claim, Chapman alleges that the trial court erred in admitting as evidence a copy of his New Jersey fingerprint card ("the fingerprint card"), and a certified copy of his prior conviction in New Jersey ("the certified conviction record"). *See id.* at 15-20. Chapman states that the documents were copies of the originals, and the Commonwealth did not prove that the documents were self-authenticating pursuant to Pa.R.E. 902. *Id.* Chapman argues that the fingerprint card is not a public record, and therefore requires a seal, or a signature and a seal, to be self-authenticating, pursuant to subsections 902(1) and 902(2), respectively. *Id.* at 16-18. Regarding the certified conviction record, Chapman acknowledges that it contains a certification, but argues that it also requires a seal to be self-authenticating pursuant to subsections 902(1) and 902(2). *Id.* at 18-20.

> Admission of evidence is within the sound discretion of the trial court, and this Court will find the trial court abused its discretion only where it is revealed in the record that the court did not apply the law in reaching its judgment or exercised manifestly unreasonable judgment or judgment that is the result of partiality, prejudice, bias, or ill will.

*Commonwealth v. McKellick*, 24 A.3d 982, 986 (Pa. Super. 2011).

Pennsylvania Rule of Evidence 901 provides, in relevant part, as follows:

**Rule 901. Authenticating or Identifying Evidence**

**(a) In General.** To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

**(b) Examples.** The following are examples only--not a complete list--of evidence that satisfies the requirement:

(1) *Testimony of a Witness with Knowledge.* Testimony that an item is what it is claimed to be.

Pa.R.E. 901(a), (b).

[A]uthentication is required prior to [the] admission of evidence. The proponent of the evidence must introduce sufficient evidence that the matter is what it purports to be. Testimony of a witness with personal knowledge that a matter is what it is claimed to be can be sufficient.

***Commonwealth v. Mangel***, 181 A.3d 1154, 1158-59 (Pa. Super. 2018) (citation omitted).

Rule of Evidence 902 sets forth 13 different types of documents, and the way by which each is self-authenticating. ***See*** Pa.R.E. 902 (stating that "[t]he following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted[.]"). Subsection 902(4)(A) states,

**(4) Certified Copies of Public Records.** A copy of an official record--or a copy of a document that was recorded or filed in a public office as authorized by law--if the copy is certified as correct by:

(A) the custodian or another person authorized to make the certification....

Pa.R.E. 902(4)(A).

Here, our review discloses that the certified conviction record is a certified copy, obtained from the New Jersey Superior Court, and contains a certification by the deputy clerk of the New Jersey Superior Court. ***See*** N.T., 2/28/19, at 6-8; ***see also id.*** at 8 (wherein Commonwealth's Exhibit 4 was admitted into evidence). Accordingly, the certified conviction record is self-

authenticating, and the trial court did not err in admitting it as evidence. *See* Pa.R.E. 902(4)(A).

Regarding the fingerprint card, Detective Sergeant Robert F. Johnson, of the Berks County District Attorney's office ("Detective Sergeant Johnson"), testified at trial that he requested Chapman's fingerprint card from the New Jersey State Police. *Id.* at 13. Detective Sergeant Johnson stated that, in response, he received the fingerprint card. *Id.* at 13-14. Accordingly, the Commonwealth properly authenticated the fingerprint card, and the trial court did not err in admitting it as evidence. *See* Pa.R.E. 901.[2]

In his second claim, Chapman alleges that his sentence is manifestly excessive. *See* Brief for Appellant at 20-22. Chapman argues that the trial court erred in ordering his sentences to run consecutively, given the nature of his offense, and the fact that his two offenses arise from one criminal act. *Id.*

Chapman challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997); *see also Commonwealth v. Tuladziecki*, 522

---

[2] In light of our disposition, we need not determine whether the fingerprint card is self-authenticating.

A.2d 17, 18 (Pa. 1987). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> * * *
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Moury*, 992 A.2d at 170 (quotation marks and some citations omitted).

Here, Chapman filed a timely Notice of Appeal, raised his sentencing claim in a Post-Trial Motion, and included a Rule 2119(f) Statement in his brief. Further, Chapman's claim that the sentencing court's imposition of consecutive sentences was excessive, and failed to take into account the nature and circumstances of the offenses, raises a substantial question. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013) (stating that an excessive sentence claim, in conjunction with "an argument that articulates reasons why consecutive sentences in a particular case are unreasonable or clearly unreasonable," raises a substantial question). Thus, we will review Chapman's claim.

Our standard of review is as follows:

Sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias, or ill will. It is more than just an error in judgment.

*Commonwealth v. Downing*, 990 A.2d 788, 792-93 (Pa. Super. 2010)

(citation omitted).

When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. It must be demonstrated that the court considered the statutory factors enunciated for determination of sentencing alternatives, and the sentencing guidelines. Additionally, the court must impose a sentence which is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant.

*Commonwealth v. McClendon*, 589 A.2d 706, 712 (Pa. Super. 1991)

(internal citations and quotation marks omitted). Moreover, "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Downing*, 990 A.2d at 794 (quotation marks and citations omitted). "Where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Moury*, 992 A.2d at 171. Furthermore, "the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent

with another sentence being imposed." ***Commonwealth v. Lilley***, 978 A.2d 995, 998 (Pa. Super. 2009).

Here, the record reflects that the trial court considered the particular circumstances of the offense, Chapman's prior criminal record, age, work history, and potential for rehabilitation, as well as Chapman's statement at sentencing, and his general character. ***See*** N.T., 3/26/19, at 7-9. Further, the trial court considered the sentencing guidelines, Chapman's prior record score and extensive criminal history, including crimes committed while under state supervision, his rehabilitative needs, and the seriousness of his crimes. ***Id.*** at 9-11. Thus, the trial court properly considered all the statutory factors before sentencing Chapman. ***See McClendon***, ***supra***.

Moreover, because the trial court had the benefit of a pre-sentence investigation report ("PSI"), which the trial judge expressly stated that he had reviewed, ***see*** N.T., 3/26/19, at 8, 9, it is presumed that the court was aware of relevant information regarding Chapman's character, and weighed those considerations along with any mitigating factors. ***See Downing***, 990 A.2d at 794; ***see also Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (stating that "[t]he sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors.") (citation omitted). Furthermore, because Chapman's sentence was within the standard range, it was appropriate under

the Sentencing Code. **See Moury**, **supra**; **Lilley**, **supra**. Accordingly, we conclude that the trial court's sentence was not improperly excessive, and Chapman's discretionary sentencing challenge fails.

Judgment of sentence affirmed.

Judge Bowes and Judge Stabile concur in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2019